THIRD DEPARTMENT, SEPTEMBER, 1966

(September 9, 1966)

■ JOHN A. ELMORE, Appellant, v. ELIZABETH B. SNOW et al., Respondents. — Decision of this court [26 A D 2d 719] dated July 1, 1966, amended so as to provide as follows: "Judgment reversed, on the law and the facts, and motion and cross motion for summary judgment denied, with costs." Motion and cross motion for reargument, or, in the alternative, modification of the decision, denied in all other respects, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Staley, JJ., concur.

(September 16, 1966)

■ In the Matter of CORNELL LEGAL AID CLINIC, Petitioners.— MEMORANDUM BY THE COURT. Application of Cornell Legal Aid Clinic by its attorney in charge pursuant to sections 270–271 of the Penal Law for (1) approval of the organization of the clinic and (2) approval of a program to permit members of the clinic who are law students in the third-year class of the Cornell Law School to engage in certain activities prohibited by the sections of the Penal Law referred to, under the supervision of the attorney in charge of the clinic, and to make certain court appearances under stated conditions, granted, there being no objection to the application upon the part of the Tompkins County Bar Association. Approval is subject to the following terms and conditions. Members of the clinic shall be permitted to make court appearances, on behalf of persons financially unable to pay for legal services, upon written authorization of such persons, in ex parte matters and default judgments, and in contested matters under personal supervision of the attorney in charge of the clinic, in the following cases: (a) proceedings in Family Court, except that students shall not appear as Law Guardians; (b) matters instituted in the City Court of the City of Ithaca; (c) default matrimonial cases, contested pretrial motions, and ex parte motions in Supreme Court for Tompkins County; and (d) appeals in the County Court of Tompkins County, upon prior approval of that court. Consistently with the application, the following matters are excluded from the approved program: contingent fee cases, bankruptcy proceedings, decedent estate matters, libel and slander cases, workmen's compensation cases, and representation upon the trial of persons accused of crime. The attorney in charge of the clinic shall furnish the court with a copy of the clinic's annual report to the Cornell Law School, and such other information as may from time to time be requested; and shall also periodically furnish to the Judges of the courts in which they have been authorized to appear a current list of the names of student members of the clinic. Application insofar as it requests approval of representation by law students of indigent persons at hearings in post-conviction proceedings and on appeals in criminal actions and habeas corpus proceedings, and of indigent mental patients at commitment and sanity hearings denied. (See County Law, art. 18-B, as amd. by L. 1966, ch. 761; Judiciary Law, § 35, as added by L. 1966, ch. 761.) Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.